104 So.2d 921

**CITY OF ALBERTVILLE**

v.

**Jack SCOTT et al.**

**8 Div. 889.**

Supreme Court of Alabama.

June 26, 1958.

Rehearing Denied Sept. 25, 1958.

Walter I. Barnes, Gadsden, for appellant.

Marion F. Lusk, Guntersville, for appellees.

STAKELY, Justice.

On May 16, 1956, the cross-appellants filed their bill in the Circuit Court of Marshall County for a declaratory judgment against the City of Albertville, a corporation, appellant here. The bill alleges that plaintiffs were and for two years prior to April 20, 1956, had been engaged in business outside the corporate limits of the City of Albertville but within its police jurisdiction; that their business, severally, was retailing gasoline, groceries, soft drinks, and cigarettes; that defendant's Ordinance No. 93 imposed upon each seller of gasoline having his place of business wholly within the police jurisdiction a license tax of one-half cent per gallon on each and every gallon of gasoline sold and delivered; that Section 11 of said ordinance was as follows:

"Section 11. The total revenue derived from the above ordinance shall

be used exclusively for street improvements and fire protection for the said Town of Albertville, Alabama."

The bill further alleges that for two years prior to April 20, 1956, the City of Albertville had collected from plaintiffs taxes under this ordinance; that on April 20, 1956, plaintiffs had filed with defendant their several petitions for refund, which petitions had been denied; that on May 8, 1956, said Section 11 of Ordinance 93 was repealed; that defendant had notified plaintiffs it intended to enforce the ordinance as thus amended, and was doing so.

The bill further alleges that defendant by its Ordinance No. 224 had levied and was threatening to collect from plaintiffs license taxes for engaging in the several businesses of retailing gasoline, groceries, soft drinks, and cigarettes, in said police jurisdiction. The bill further alleges that defendant had by Ordinance No. 232 imposed an additional license tax on persons selling cigarettes within said police jurisdiction in the amount of one cent on each twenty cigarettes; that Section 6½ of said ordinance prior to May 8, 1956, had been as follows:

"Section 6½. That this tax, collected, or to be collected, under Ordinance No. 232 within the corporate limits of said City is to be used for the purpose of building, constructing, and promoting parks and recreation, and for no other purpose; and that this tax, collected, or to be collected, under Ordinance No. 232, outside of the City limits of said City, and within the police jurisdiction, thereof, is to be used for the purpose of the protection of the lives, health, and property of the citizens, the maintenance of good order and quiet of the community, and the preservation of public morals in said police jurisdiction, and is to be used for no other purpose."

The bill alleges that on May 8, 1956, the defendant had amended said ordinance by making Section 6½ read as follows:

"Section 6½. That this tax, collected, or to be collected under Ordinance No. 232 within the corporate limits of said City is to be used for the purpose of building, constructing, and promoting parks and recreation, and for no other purpose; and that this tax, collected, or to be collected, under Ordinance No. 232, outside of the City limits of said City, and within the police jurisdiction thereof, is to be used for the purpose of the protection of the lives, health, and property of the citizens, and the maintenance of good order and quiet of the community, and the preservation of public morals, and it is to be used for no other purpose."

And the bill alleges that the City of Albertville was likewise threatening to enforce this ordinance as thus amended against the plaintiffs. The bill then alleges as follows:

"*Twelve:* That said defendant in levying the 'gasoline tax' in said Ordinance No. 93 in its original form and as amended, and in levying the 'license schedule tax' in Ordinance No. 224, and in levying the 'cigarette tax' in Ordinance No. 232 in its original form and as amended, did so for the purpose of raising general revenue and did not fix the amount of the levy so as to reflect a reasonable compensation for the expense of municipal supervision over the particular businesses of these plaintiffs at the several places where they were operating them; that in each instance the defendant in fixing the amount of the exaction did not anticipate the amount to be needed for police, fire and sanitation and other supervision, including use of its facilities, both within the city and within the police jurisdiction, nor did it then allocate a reasonable amount of that for the police jurisdiction, nor did it then estimate the proper proportionate amount of what should be chargeable to the various businesses in the police jurisdiction, subject to

such exaction, so that each such business thus licensed would as nearly as possible pay an amount properly chargeable to its supervision and police protection so as to make all of such exactions when totalled approximately cover the amount of the defendant's expense for such services in said police jurisdiction; that said fees and rates were arbitrarily fixed."

The bill then prayed for a declaration that defendant had no right to enforce any of these ordinances as against plaintiffs, and that defendant be required to refund the gasoline taxes collected. There was an offer to do equity and a prayer for general relief.

The answer of the City admitted the ordinances and defendant's purpose to enforce them within three miles of the City limits, defendant having a population of over six thousand.

The cause was submitted for final decree upon the pleadings, testimony adduced by the plaintiffs and a stipulation as to certain facts. The court entered a decree declaring Ordinance No. 93 invalid and requiring defendant to refund the gasoline taxes that were paid from April 20, 1954, to May 8, 1956, with interest at four percent from April 20, 1956, and "interest" on items collected by it after May 16, 1956. The decree further provides:

"That relief under Ordinances 224 and 232 be and the same is denied as not being reasonable as now enacted."

From this decree the defendant appealed and assigned several errors. Plaintiffs have cross-assigned errors as follows:

"1. The court erred in not decreeing that plaintiffs in recovering from defendant the amounts collected by it from them under Ordinance No. 93 during the period from April 20, 1954 to April 20, 1956, should also recover interest at six percent from April 20, 1956.

"2. The court erred in not decreeing that plaintiffs in recovering from defendant any other sums collected by it from them under Ordinance No. 93 after April 20, 1956, should also recover interest at six percent per annum from the date each collection was received by the defendant.

"3. The court erred in not decreeing that the defendant has no right to enforce Ordinance No. 224 as against these plaintiffs.

"4. The court erred in not decreeing that the defendant has no right to enforce Ordinance No. 232 as last amended as against these plaintiffs."

Plaintiffs took the testimony of defendant's Mayor Floyd Brown and City Clerk Jesse M. Cochran. The Mayor testified in substance as follows: That the population of the City was over 6,000 but the population of the police jurisdiction was unknown,—no census having ever been taken; that no statistics had been compiled as to area, roads, number of buildings, number of business establishments and things of that sort in the police jurisdiction; that no other accounting or "break-down" of the City's operations from a financial standpoint was made except as appears in plaintiff's Exhibits "A", "B", "C", and "O"; that nothing was done to analyze or separate or "break-down" the operation expenses of each City department or to show how much of such were caused by services rendered in the police jurisdiction as distinguished from those rendered inside the corporate limits; no statement, analysis, study, calculation or budget was made up to show how much would be spent each year in the police jurisdiction in operating the four departments of General Administration, Public Safety, Health & Sanitation and Fire, nor any budget or calculation made or figures gotten together to show how much it would cost to give those services to any one particular business in the police jurisdiction.

Plaintiff's Exhibit "A" was an audit or "Statement of Revenue and Expenses of

the City of Albertville" for the year October 1, 1953 to September 30, 1954. Exhibit "B" was a similar audit or "Statement of the City for the year October 1, 1954 to September 30, 1955. Exhibit "O" was a similar audit or "Statement" for the year October 1, 1955 to September 30, 1956. Exhibit "C" was a copy of defendant's "Proposed Budget 1955–56." None of these documents contained any reference to the police jurisdiction.

The testimony given by the City Clerk in substance was the same as that given by the Mayor and in addition he testified that the only list of business houses in the police jurisdiction he ever made was for the purpose of notifying the different operators that taxes under the subject ordinances would be collected. The Clerk further testified that the revenue from the sale of cigarette stamps under Ordinance No. 232 was placed directly in the Recreation Fund.

Plaintiff's Exhibits "A", "B", and "O" showed that the revenue from this ordinance for the year ending September 30, 1954, was $9,969.90, for the year ending September 30, 1955, was $9,086.20, and for the year ending September 30, 1956, was $10,102.70, and that none of this was used in operating the four departments mentioned above. No effort was made by the City to keep a record of how much of the revenue under this ordinance came from the police jurisdiction.

The foregoing documents do not contain any mention of the police jurisdiction either as to how much was received into the city treasury from the police jurisdiction or that the city was spending anything in the way of furnishing police and fire protection or sanitary inspection service in that area. There is no proof that shows a tax rate based on the reasonable cost of supervision. In other words, there is nothing in the record to show an analysis or breakdown of the operation expenses of the city to show how much expense was incurred in the police jurisdiction as distinguished from that incurred inside the corporate limits.

Our cases hold that ordinances such as the ones involved in this case can be invalid for one of two reasons, namely, (1) invalidity appearing on the face of the ordinance and (2) invalidity arising out of its operation. City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659. Furthermore our cases hold that when the question as to the reasonableness of a municipal ordinance is raised and the ordinance has reference to a subject matter within the corporate jurisdiction, it will be presumed to be reasonable unless the contrary appears on the face of the law itself or it is established by proper evidence. Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306; City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64.

So far as we can ascertain there is no contention that Ordinance 93 either in its original form or as amended by striking out section 11 thereof, is invalid on its face. Certainly no invalidity appears on the face of the ordinance as amended. We see no reason to discuss the invalidity vel non of Ordinance 93 in its original form so far as appears on the face of the ordinance, because there is no discussion in briefs to justify our treatment thereof. So we hold that since there is no proof of the amount received from the police jurisdiction by the city under Ordinance 93, either before or after its amendment, and there is no proof of the reasonable cost of police and fire protection in the police jurisdiction, the complainants have not made out a case for recovery of the amounts paid by them under Ordinance 93 in its original form or as amended. The holding of the court on this feature of the case is reversed and the cause is remanded.

As a guide to future proceedings, we see no basis for fixing the rate of interest at four percent per annum on taxes collected prior to April 30, 1956, and interest at six percent per annum on taxes collected after the filing of this suit. The rate of interest shall be six percent per

annum on items collected and which are found to be recoverable, if any. § 60, Title 9, Code of 1940.

■ With respect to Ordinances 224 and 232, the proof in the case at bar shows that the complainants paid no taxes under these ordinances and since there is no proof of operation under these ordinances, we think the court was correct in holding that there is no justification for recovery under these two ordinances.

Accordingly we affirm the action of the court in denying recovery under Ordinances 224 and 232.

We conclude that the decree of the court should be affirmed in part and reversed and remanded in part in accordance with what has been said.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.