119 So.2d 180

TOWN OF CITRONELLE et al.

v.

GULF OIL CORP. et al.

I Div. 838.

Supreme Court of Alabama.

March 17, 1960.

Z. B. Skinner, Jr., Mobile, McFarland & McFarland, Bay Springs, Miss., and O. F. & J. O. Moss, Lucedale, Miss., for appellants.

Sam W. Pipes, III, Lyons, Pipes & Cook, Mobile, Douglas Arant, J. Robt. Fleenor, ·Charlotte Railey Kieffer and White, Bradley, Arant, All & Rose, Birmingham, Vincent F. Kilborn, Graham Sullivan and Thornton & McGowin, Mobile, for appellees.

STAKELY, Justice.

This is an action for a declaratory judgment brought under the provisions of § 156 et seq., Title 7, Code of 1940, by the Town of Citronelle, a municipal corporation, and others as complainants against Gulf Oil Corporation, a corporation, and others as respondents.

The bill of complaint seeks a construction of a deed and a declaration that by virtue of the deed the appellants own in fee simple title to the land across which certain avenues, streets and alleys in the Town of Citronelle, Alabama, are situated. The bill also seeks a construction of a deed and a declaration that by virtue of the deed the appellants own in fee simple title to the oil, gas and other minerals in and under and produced from the land across which said avenues, streets and alleys are situated.

Demurrers to the bill of complaint were filed which assigned as grounds that it affirmatively appears that appellants do not own the fee simple title to the oil, gas and other minerals in, under and produced from the land across which such avenues, streets and alleys are situated. The Circuit Court of Mobile County, in Equity sitting, rendered a decree sustaining the demurrers to the aforesaid bill. It is from this decree that the appellants bring this appeal and assign as error the action of the court

in sustaining the demurrers to the bill of complaint.

The bill in substance states the following. Prior to May 24, 1894, Margaret Ellen Henry Ruffin and her husband, Francis Gildart Ruffin, were the owners in fee simple of certain described land situated in Mobile County, Alabama, and subdivided this land as is shown by the Ruffin Plat, "North End Addition" to Citronelle, Mobile County, Alabama.

Thereafter by warranty deed executed on May 24, 1894, the aforesaid owners conveyed Lot 1 in Block M as shown by the aforesaid Ruffin Plat to James Arthur Ebersol and by warranty deed executed on October 22, 1894, the aforesaid owners conveyed Lots 26, 27 and 28 in Block G, as shown by the aforesaid Ruffin Plat, to Mary Thesla O'Farrell and by warranty deed executed on October 22, 1894, the aforesaid owners conveyed Lot 1 in Block M, as shown by the aforesaid Ruffin Plat, to Christian Peterson.

Subsequent to the execution of the three warranty deeds hereinabove referred to Margaret Ellen Henry Ruffin and Francis Gildart Ruffin executed and delivered a deed on October 26, 1894, which purported to convey the avenues, streets and alleys shown on the aforesaid Ruffin Plat, to the Town of Citronelle, as is shown by a map filed herewith for record, which said map is known as the "Ruffin Plat" of the North End Addition, Citronelle. This latter deed is the deed under which the appellants claim to own the fee simple title in the land across which the avenues, streets and alleys shown on the Ruffin Plat are situated.

It is alleged by the appellants that this deed conveyed "to the Town of Citronelle in fee simple, inclusive of oil, gas and other minerals, all of the land comprising the avenues, streets and alleys of the aforesaid North End Addition * * *." As a matter of fact the granting clause in the aforesaid deed conveyed " * * * to the above mentioned Town of Citronelle each,

every and all of the above mentioned avenues, streets and alleys shown on the above mentioned plat [the Ruffin Plat], together with all the rights, privileges and appurtenances belonging thereto to have and to hold forever * * *"

On July 21, 1956, appellant, the Town of Citronelle, executed an instrument which purports to lease to Arthur E. Wood (appellant) a ⅞th working interest in the oil, gas and minerals in the land across which said avenues, streets and alleys are situated. On July 29, 1957, the aforesaid Arthur E. Wood assigned an undivided one-half interest in said instrument to R. T. McLaurin (appellant).

█ I. Ordinarily it is not appropriate to make construction of an instrument on a demurrer to a bill of complaint seeking a declaratory judgment. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11. Ordinarily the court does not make such declarations unless counsel for both sides argue the case on the basis of the demurrer to the bill and a question of law is thereby raised and counsel are desirous that the court make such interpretation. This court will make a declaration of rights under such circumstances where the question is raised by demurrer. McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211; Blackwell v. Burketts, 251 Ala. 233, 36 So.2d 326. In other words, the parties join in the effort to have the deed construed on demurrer and we will accordingly proceed to treat the issue as so presented.

█ II. It appears to be agreed that a conveyance of lots with reference to a plat on which streets and ways are shown, constitutes a dedication of such streets and ways to the public and accordingly the conveyances of lots with reference to the Ruffin Plat constituted a dedication of the streets shown on the Plat. It appears to be also agreed that only an easement passed by virtue of the dedication of the avenues,

streets and alleys shown on the Ruffin Plat. In effect as we understand the case, the only disagreement as to the dedication is its effect upon the right to alienate the fee in the land across which such avenues, streets and alleys are located. In Snead v. Tatum, 247 Ala. 442, 25 So.2d 162, 163, we considered the effect of a dedication upon the right to alienate the fee to the land across which a street is located and said:

"The fee in the land to the median line of the street or way is appurtenant to the attingent lots along the street and is not subject to alienation apart from such lots after the dedication has become complete * * *".

In Lybrand v. Town of Pell City, 260 Ala. 534, 71 So.2d 797, substantially the same statement was made, citing as authority therefor Snead v. Tatum, supra.

However, the appellants contend and aver as a fact that the dedication of the streets shown on the Ruffin Plat did not limit or effect the right of the dedicators thereafter to alienate the fee to the land across which public streets were situated. As we understand the argument the appellants contend that the fee to the streets can be alienated apart from the abutting lots so long as such an alienation is not for a purpose inconsistent with street purposes. We believe that this overlooks the rationale for the rule that the fee to a street cannot be alienated apart from the abutting lots. The reason is not so much to prevent a conveyance of the fee inconsistent with the dominant rights of the public as it is to protect the owners of the abutting lots who have valuable and appurtenant rights in the fee to the street in addition to the rights of the public. The principle has been stated in Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 715, 47 L.R.A.,N.S., 607, where this court said:

"At common law the ultimate fee to the middle of the street was in the abutting landowner. There was rea-

son underlying the above rule of the common law, for the ultimate fee in lands should reside somewhere, and, where it resides in the abutting landowner to the middle of the street, it furnishes to that landowner an efficient weapon for his protection against an unwarranted appropriation of a street in the proper maintenance of which the situation of his property gives him a peculiar interest. Through this doctrine of the common law this court has been able to meet and determine, with justice to the owners of lands abutting upon streets and to the public to whose use such streets are devoted, each question which the constant growth of municipalities and the rapid and continuing advancement of human activity has developed."

In view of the principles set forth in the foregoing cases that the fee to a street cannot be alienated apart from the abutting lots, it seems evident to us that the fee to the avenues, streets and alleys shown on the Ruffin Plat could not be alienated apart from the abutting lots subsequent to the dedication of those streets. In other words, the deed to the Town of Citronelle could not effectively convey the fee in the land across which the avenues, streets and alleys shown on the Ruffin Plat are situated.

We have pointed out the granting clause in the deed to the Town of Citronelle which we must here construe, "Convey[s] to the above mentioned Town of Citronelle each, every and all of the above mentioned avenues, streets and alleys shown on the above mentioned map, together with all the rights, privileges and appurtenances belonging thereto to have and to hold forever * * *."

So far as we are advised it is a recognized rule of law that a grant of an "avenue", "street", "alley", "road" or "right of way" without other description passes only an easement. East Alabama

R. Co. v. Doe, 114 U.S. 340, 5 S.Ct. 869, 870, 29 L.Ed. 136; Ladies' Benev. Soc. of Beaumont v. Magnolia Cemetery Co., Tex. Civ.App., 268 S.W. 198, affirmed Tex.Com. App., 288 S.W. 812; Kister v. Reeser, 98 Pa. 1. This court has recognized this rule in Rowell v. Gulf, Mobile & Ohio R. Co., 248 Ala. 463, 28 So.2d 209, 210, as follows:

> "The decided weight of authority is that where the deed, in the granting clause, conveys a right of way only, the estate conveyed is construed to be an easement and not a fee."

The appellants argue that the Rowell case, which we have just referred to, supports their proposition. In that case the granting clause in the deed under consideration recited that the grantors "do grant, bargain, sell and convey unto the said Mobile & Ohio Railroad Company for right of way and station grounds that certain tract of land situated in Mobile County, Alabama, more particularly described as follows * * *."

In the Rowell case, supra, it was held that the deed conveyed a "tract of land" rather than a way over such land and, therefore, that the fee rather than an easement passed to the grantee.

█ We do not understand that a street has ever been defined to mean land. In Greil v. Stollenwerck, 201 Ala. 303, 78 So. 79, 82, this court said:

> " 'A street is a road or public way in a city, town or village' * * * 'A way over land set apart for public travel in a town or city is a street, no matter by what name it may be called; it is the purpose for which it was laid out and the use made of it that determines its character' * * *"

In Feore v. Trammel, 212 Ala. 325, 102 So. 529, 531, this court said:

> "It is hardly necessary to observe that the word 'street' is defined as a public highway in city or town, a way

with right of use by public for purpose of travel."

It obviously follows that since a street is a public right of way a conveyance thereof does not pass the fee to the land across which such right of way is situated. We refer to the definition of "street" which was announced by this court in Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 62 So. 712, 717, 47 L.R.A., N.S., 607, as follows:

> "The word 'street' means 'the surface; it means the whole surface and so much of the depth as is or can be used not unfairly for the ordinary purposes of a street. It comprises a depth which enables the original authority to do that which is done in every street, namely, to raise the street and to lay down sewers, for at the present day there can be no street in a town without sewers, and also for the purpose of laying down gas and water pipes. "Street," therefore, in my opinion includes the surface and so much of the depth as may not unfairly be used as streets are used.' "

The foregoing case of Cloverdale Homes v. Town of Cloverdale, cites as authority the English case of Coverdale v. Charlton, L.R. 4 Q.B. Div. 104, which contains the following:

> " * * * 'street', therefore, in my opinion includes the surface and so much of the depth as may not unfairly be used as streets are used. It does not include such depth as would carry with it the right to mine; * * *."

See also City of Leadville v. Bohn Mining Co., 37 Colo. 248, 86 P. 1038, 8 L.R.A., N.S., 422.

In summation we say that the fee to the land across which a street is situated is not subject to alienation apart from the abutting lots after the dedication of such street has become complete. A street is a public right of way and a conveyance thereof does not pass the fee or minerals in the

land across which such street is situated but passes only an easement in the surface and so much of the depth as is customarily used as streets are used, for example, for sewers, water lines, gas mains and telephone cables.

We have concluded that the action of the court in sustaining the demurrer to the bill of complaint was correct and should be upheld by us.

Affirmed.

LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.