224 So.2d 657

Carl SCHNEIDER

v.

MOBILE COUNTY et al.

I Div. 410.

Supreme Court of Alabama.

June 12, 1969.

James E. Moore, of Moore, Moore, Downing & Layden, Mobile, for appellees.

A. Fletcher Gordon, J. Edward Thornton, Hardy B. Smith, Mobile, for appellant.

LAWSON, Justice.

This is a declaratory judgment proceeding filed in the Circuit Court of Mobile County, in Equity, by Carl Schneider against Mobile County and the members of the governing body of that county in their official capacities.

■ The bill sought a declaration as to whether two warranty deeds, executed in 1924 to Mobile County, as grantee, conveyed the fee simple title to the real property described in the deeds so as to vest in Mobile County the minerals under the described lands, or whether those deeds only conveyed to Mobile County an easement for a public roadway, leaving the minerals in the grantors and their successors in title.

Demurrer was sustained to the original bill and to the bill as first amended. Thereafter the complainant filed what is tantamount to a substitute bill, but which was treated by the parties and the trial court as simply constituting an amendment to the original bill, as previously amended, and we will so consider it. The last-mentioned bill or amendment was subsequently amended. Demurrer was then interposed to the bill as last amended. The demurrer was overruled. Respondents filed their answer which was made a cross bill. No answer was filed by the complainant to the cross bill, but that omission is of no importance in this case for the so-called cross bill was unnecessary. It merely asked for a declaration in favor of respondents rather than in favor of complainant.

Submission for final decree was had on "Bill of Complaint as last amended with exhibits attached thereto; Answer and Cross-Bill of Respondents with exhibits attached thereto; written Submission of said cause to the Court by the parties Complainant and Respondent; written Stipulation of facts executed by the attorneys of record for the respective parties."

The trial court declared, in effect, that the two deeds, the subject of this litigation, conveyed "an estate in fee simple to the grantee, Mobile County, Alabama, without any limitation as to interest or estate in the grantee * * *."

From that decree the complainant below appealed to this court.

Appellant argues an assignment of error which reads: "The Court erred in entering its order dated June 28, 1961 (Rec. p. 13), sustaining the demurrer filed by Appellees to the original Bill of Complaint."

Appellant points out that the demurrer was addressed to the original bill as a whole, asserts that the said bill was good as against the demurrer interposed thereto in so far as the bill sought declaratory relief (Actually, the original bill sought no other relief.), and appellant says that therefore the trial court erred to a reversal in sustaining the demurrer.

■ We have said that where a bill seeking a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and declaration of rights made and entered only after answer and on such evidence as the parties may deem proper on submission for final decree. An exception to this general rule is that where there is no factual controversy, and only a question of law is presented for decision, and particularly where counsel argue the case on the basis that a decision will settle the controversy and be desirous, it is proper to decide the question on demurrer. Orkin Exterminating Co. of North Alabama v. Krawcheck, 271 Ala.

305, 123 So.2d 149. Such is not the situation before us, however.

We are not advised of the ground or grounds of demurrer addressed to the original bill which the trial court considered to be well taken and we have not undertaken to analyze the original bill in connection with all the grounds of the demurrer addressed thereto. It is possible, if not probable, that the trial court considered that the original bill did not show a bona fide justiciable controversy in that it did not contain allegations to show that complainant had sufficient interest in the property conveyed by the deeds in question as to enable him to maintain an action for declaratory judgment. If the bill was deficient in that respect, a demurrer addressed to the bill as a whole taking that point should have been sustained. One of the grounds of demurrer took that point. Chancey v. West, 266 Ala. 314, 96 So.2d 457; City of Albertville v. Scott, 268 Ala. 172, 104 So.2d 921; Holland v. Flinn, 239 Ala. 390, 195 So. 265.

We will assume solely for the purpose of disposing of the assignment of error presently under consideration that the trial court erred in sustaining the demurrer interposed to the original bill. But if such assumption be correct, which we do not decide, it would not follow that the decree should be reversed. Error to warrant reversal must be prejudicial. King Lumber Co. v. Crow, 155 Ala. 504, 46 So. 646. True, the complainant was required to amend but as to matters which did not place upon him any burden not present in the original bill. The cause proceeded to a final decree wherein declarations of rights of the parties were made. The declarations were not as complainant wanted them but he was not necessarily entitled under the averments of his original bill to declarations favorable to him. The rights of the parties were settled by the final decree and since the matters added by amendment in no way prejudiced complainant's case, we see no justifiable basis for reversing the final decree of the trial court here un-

der review even on the assumption that the trial court should not have sustained the demurrer to the original bill.

In one of the subject deeds Mrs. Sarah Ann Miller was the grantor. The grantors in the other deed were Mrs. Fannie Ford and her husband, Ed C. Ford.

The granting clauses of the two deeds are identical except for the cash consideration. They recite that for the stated consideration the grantors: "* * * have GRANTED, BARGAINED, SOLD, and by these presents do hereby GRANT, BARGAIN, SELL and CONVEY unto the said Mobile County, Alabama, its heirs and assigns, the following described Real Estate, situated in the county of Mobile and State of Alabama, to wit:"

The language quoted above is followed in the Sarah Ann Miller deed by a description which reads in part as follows: "A strip of land, to be used as right of way for the Citronelle Road, 30 feet wide being 15 feet on each side of the following described line. * * *" The pertinent part of the description in the Ford deed reads: "A strip of land 50 feet wide, to be used as right of way for the Citronelle Road, being 25 feet on each side of the following described line, * * *."

The first sentence of the habendum clause in the Miller deed reads: "TO HAVE AND TO HOLD the aforegranted premises to the said Mobile County." The first sentence of the habendum clause in the Ford deed reads: "TO HAVE AND TO HOLD, the aforegranted premises to the said Mobile County Their heirs and assigns FOREVER."

We have carefully read the briefs filed on behalf of the appellant, but see no need to discuss in this opinion all of the cases cited in those briefs because we entertain the view that under our holding in Rowell v. Gulf, M. & O. R. Co., 248 Ala. 463, 28 So.2d 209, which was approved in Town of Citronelle v. Gulf Oil Corp., 270 Ala. 378, 119 So.2d 180, the decree of the trial court is due to be affirmed.

In *Rowell, supra,* our decision rested on the construction to be placed on two deeds executed by William H. Rowell and wife and Thomas B. McDonald and wife, in 1899, to the Mobile and Ohio Railroad Company. The granting clause of those deeds, except for the differences in amounts of cash consideration, were identical and recited that the grantors "for the further consideration of the benefits to accrue to us from the construction of a railroad on the strip of land and on the station ground herein conveyed, do grant, bargain, sell and convey unto the said Mobile & Ohio Railroad Company *for right of way and station grounds* that certain tract of land situated in Mobile County, Alabama, more particularly described as follows, to-wit:" (Emphasis supplied.) After the description of the land, the deeds under consideration in *Rowell, supra,* recited: "The station grounds and right of way herein conveyed and the tract of land herein described being according to a map and survey signed by J. E. Buck, C. E. * * *." The habendum clause in each deed was the same: "To Have And To Hold unto the said Mobile & Ohio Railroad Company and its successors forever."

Subsequent to 1899, McDonald conveyed to Rowell his interest in his surrounding land, including in the conveyance the land sold to the railroad, Mobile & Ohio Railroad Company, but subject to the rights of the railroad under his former deed to it.

After Rowell's death, the executors and trustees under his will filed suit against Gulf, Mobile & Ohio Railroad Company, as successors to Mobile & Ohio Railroad Company, seeking a declaration to the effect that as such executors and trustees they had title and right to possession of all the land conveyed to Mobile & Ohio Railroad Company by the two deeds executed in 1899, to which we have previously referred, because of an alleged abandonment of such lands as a railroad and station grounds by the railroad company's successor.

Demurrer to the bill was sustained and the complainants appealed.

In our opinion, affirming the trial court in the *Rowell case,* we said that the question before us was "whether these instruments conveyed an absolute estate in fee simple of the lands described or a mere easement or servitude thereon."

We pointed out that the decided weight of authority is that where the deed, in the granting clause, conveys a right of way only, the estate conveyed is construed to be an easement and not a fee. But we said that that principle was not controlling in *Rowell* because the deeds there under consideration disclosed more than a grant of a right of way through or over land.

In the *Rowell case,* we reviewed authorities from this state and others. In the course of the opinion we said: "On a careful study of the authorities it is our considered opinion that the deeds under review *conveyed the entire fee, and not merely an easement.*" (Emphasis supplied.)

One of our cases relied upon in the *Rowell* opinion was Hunter v. Murfee, 126 Ala. 123, 28 So. 7. We recognized the fact that the language of the deed in *Hunter* and the deeds under consideration in *Rowell* were not identical, but we considered the rationale of the opinion in Hunter to support the conclusion reached in *Rowell* and pointed out in the opinion in *Rowell* that in the course of the opinion in *Hunter* this court disapproved the holding in a Vermont case (Robinson v. Missisquoi R. Co., 59 Vt. 426, 10 A. 522), which held that a deed to a strip of land across the grantor's property "for the use of a plankroad" conveyed only an easement by reason of the quoted clause despite the fact that the granting clause imported a conveyance of the full fee.

Appellant, in his brief, attempts to distinguish *Rowell* from the instant case, saying:

"We submit that the instant case may readily be distinguished from the case of

Rowell v. GM&O RR Company, 248 Ala. 463, 28 So.2d 209 (1946). The question in the Rowell case did not involve minerals rather the right of reverter on abandonment of a railroad. The Court held that it did not revert to the heirs of the grantor. It is true that the court *said* that this was because the deed conveyed a fee simple title, but the Court reached this result by saying that there was an irreconcilable conflict in the conveyance:

'for right of way and station grounds that certain tract of land,'.

We can only presume that the court found that the words 'right of way' and 'station grounds' were so inconsistent one with the other that an intention to convey fee simple title must be presumed."

Appellant is correct in saying that minerals were not involved in *Rowell*, but that observation can have no bearing on the question of the applicability of the Rowell opinion to the case at bar. Appellant is correct in saying, in effect, that in *Rowell* we were concerned with the "right of reverter on abandonment of a railroad." But the "right of reverter" depended on the question, "whether these instruments conveyed an absolute estate in fee simple of the lands described or a mere easement or servitude." That is the question in this case. By emphasizing the word "said" in the excerpt from appellant's brief quoted above, we understand that counsel for appellant in saying, in effect, that in *Rowell* we did not *hold* that the deeds there under consideration conveyed a fee simple title, but merely made an observation to that effect. Not so. In one of the concluding paragraphs of the opinion in the *Rowell case, supra,* we said: "We have reached the conclusion, after careful study, that the deeds conveyed to the railroad company the fee simple title to the lands embraced therein and that the trial court ruled correctly in sustaining the demurrer to the bill." That is a holding, not merely an observation carelessly made. It was the question in the case and it was decided.

We did not reach the conclusion in Rowell that the deeds there under consideration conveyed a fee simple estate because there was an "irreconcilable conflict in the conveyance." There is no language in the Rowell opinion to that effect. Counsel for appellant is mistaken in presuming that such was the basis of our holding in *Rowell.*

In the Rowell opinion, after stating certain principles affecting the construction of deeds, we said as follows:

"The result of the foregoing principles is that a condition [for right of way and station grounds] sufficient to work a forfeiture by abandonment will not be raised by implication from a mere declaration in the deed that the grant is made for a certain purpose without being coupled with apt words to clearly impose such a condition. See R.C.L. 1103, par. 161.

"It is difficult to find such clearly expressed condition here. Indeed, from aught that can be gathered from the language of the deeds the sale might have been for a right of way and station ground and still have been a sale of land and not an easement, and in no sense a debasement of the fee, so clearly conveyed by the granting and habendum clauses of the two instruments. If an incorporeal right were intended to be granted, apt words should have been employed to clearly indicate such and to specifically qualify these controlling clauses * * *." (248 Ala., 466, 28 So.2d, 211)

In briefs filed here on behalf of appellant, holdings of other courts with respect to the limits of interest which may be condemned by public bodies for public use are cited and discussed. Those cases were apparently cited in support of counsel's theory that we should construe the deeds here involved as conveying only an easement because they were executed by the grantors under the threat of condemnation. We are not here concerned with a condemna-

tion proceeding and there is nothing in this record, which would justify an inference that the deeds were executed under a threat of condemnation.

It is a matter of common knowledge that at the time these deeds were executed, 1924, landowners, particularly those in rural areas, frequently pleaded with officials who had authority to build roads to construct them through or adjacent to the landowners' property so as to give the landowners access to the county seats and other towns and cities, thereby enhancing the value of the landowners' other property. Many of the landowners, in recognition of this factor, willingly donated the land necessary to build a road in order to receive the benefits resulting to their remaining property from the construction or improvement of the road or highway. We simply cannot assume that these deeds were executed under a threat of condemnation. We do not decide that if such was the case we would come to a different conclusion.

The appellant seems to place some reliance upon our holding in the case of Town of Citronelle v. Gulf Oil Corporation, 270 Ala. 378, 119 So.2d 180. We do not think the *Citronelle case* supports appellant's contention that the deeds here in question conveyed only an easement rather than fee simple title. On the contrary, the *Citronelle case* recognizes the holding of this court in the *Rowell case* and distinguishes it from the facts in the *Citronelle case*.

In the *Citronelle case*, the Town of Citronelle sought to lease oil rights under certain of its streets, claiming that it had title of the subsurface by virtue of the deed from the original subdivision developer. The developer of the subdivision had, after setting out his lots and streets in his subdivision plat, conveyed certain of those lots to various purchasers, and subsequent to those sales, had executed a deed to the City of Citronelle to the avenues, streets and alleys shown on a certain plat.

We held that this deed merely conveyed the surface easements to the City of Citronelle, stating that the grant in the deed was of the avenues, streets and alleys, and that the meaning of those words in this state as there used conveyed a surface easement only. We held that as soon as the developer had sold lots abutting on the platted avenues, streets and alleys, he had effectively dedicated such avenues, streets and alleys to the public, and the lot owners by their purchase of lots abutting on the streets, had acquired title to the center of the streets, subject to the surface street easement. We further held that the developer, therefore, could not convey any of the subsurface rights under the avenues, streets and alleys after they were effectively dedicated. We explicitly referred to our holding in the *Rowell case, supra,* pointing out the difference between the deed to the Town of Citronelle and the deeds involved in the *Rowell case.*

In the *Citronelle case* we said, among other things, as follows:

"The appellants argue that the Rowell case, which we have just referred to, supports their proposition. In that case the granting clause of the deed under consideration recited that the grantors 'do grant, bargain, sell and convey unto the said Mobile & Ohio Railroad Company for right of way and station grounds that certain tract of land situated in Mobile County, Alabama, more particularly described as follows * * *.'

"In the Rowell case, supra, it was held that the deed conveyed a 'tract of land' rather than a way over such land and, therefore, that the fee rather than an easement passed to the grantee." (270 Ala., 382, 119 So.2d, 183)

The fact that oil was not discovered in the Citronelle area until 1955, more than twenty years after the deeds here involved were executed, does not justify us in holding that the parties to the deeds intended that only an easement be conveyed. No doubt numerous landowners, who con-

-veyed the fee simple title to their lands, have lived to regret the fàct that they had not reserved the subsurface rights. But subsequent discovery of valuable subsurface rights under the lands conveyed in fee simple cannot operate to change the nature of the conveyance.

The fact that Mobile County, in 1954, upon the relocation of the Citronelle Road, as part of the consideration to the land-owners for additional right of way, agreed to reconvey to the landowners, including the appellant, parts of land included in the original deeds no longer needed for the re-located roadway, has no bearing on the question involved in this case. We do not understand that the subsurface rights to the land so reconveyed are involved in this litigation.

As heretofore indicated, we are of the opinion that the decree of the trial court here under review is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.