HOUSTON, Justice.
This is a dispute over mineral rights. The appellees, Willard McGee, Rachel McGee, and McGee, Ltd., a limited partnership, filed a complaint for a declaratory judgment in the Circuit Court of Lamar County against Peyton Greaves and the Lamar County Commission, seeking to establish their ownership of the minerals underlying a public road which crosses their land. The appellant, Greaves, counterclaimed for a declaratory judgment to establish his right to the minerals in question. The case was tried before the court, which found for the appellees. Lamar County has not appealed. We affirm.
The trial court made the following findings of fact:
“1. On May 25, 1926, W.C. York acquired title to the Northeast Quarter of the Northeast Quarter and the East One-Half of the Southeast Quarter of the Northeast Quarter of Section 24, Township 16 South, Range 16 West, Lamar County, Alabama, from J.G. Gault and wife by virtue of deed recorded in Deed Book 53, Page 56, in the records in the Office of the Judge of Probate of Lamar County, Alabama.
“On September 18, 1928, W.C. York and wife executed an instrument in favor of Lamar County, Alabama, the same being attached hereto as Exhibit ‘A.’ [That deed is set out later in this opinion.]
“3. That on September 26, 1956, W.C. York and wife conveyed to Willard P. McGee the Northeast Quarter of the Northeast Quarter and the East One-half of the Southeast Quarter of the Northeast Quarter of Section 24, Township 16 South, Range 16 West, Lamar County, Alabama, said deed being recorded in Deed Book 100, page 497, in the records in the office of the Judge of Probate of Lamar County, Alabama. It is noted that said instrument herein referred to is a full warranty deed and no reference or exception is made from such instrument with respect to the instrument previously executed in favor of Lamar County, Alabama.
“4. On August 14, 1981, W.P. McGee, also known as Willard P. McGee, and wife, Rachel G. McGee, conveyed to McGee, Ltd., a Mississippi limited partnership, the Northeast Quarter of the Northeast Quarter and the East One-half of the Southeast Quarter of the Northeast Quarter, less five acres of even width off the entire western line of the East One-half of the Southeast Quarter of the Northeast Quarter, all in Section 24, Township 16 South, Range 16 West, Lamar County, Alabama, said deed being recorded in Deed Book 190, page 495, in the records in the Office of the Judge of Probate of Lamar County, Alabama.
“5. That on January 23, 1984, the Lamar County Commission executed an oil, gas and mineral lease in favor of Peyton Greaves, which lease purports to cover and include the lands described in the instrument from W.C. York and wife in favor of Lamar County, being referred to above. Said lease is recorded in the Office of the Judge of Probate of Lamar County, Alabama, in oil and Gas Volume 212 at Page 731.
“6. Lamar County, in response to the Plaintiffs’ request for admissions in this cause, has admitted that the instrument from W.C. York in favor of Lamar County granted to Lamar County only the right to build and maintain a road over the subject property and that the said Lamar County does not claim any other right in or to said property.
“7. The Honorable W. Henry Allen, the Probate Judge of Lamar County, Alabama, and Chairman of the Lamar County Commission, testified in this case that the said Lamar County, Alabama, had never attempted to mine, produce or take *309 any minerals from the lands lying upon or under the strip of property used as a road by the Lamar County Commission and referred to in the Complaint in this cause at any time up to and including the date of the trial on this matter. Judge Allen also testified that, at the time of the execution of the oil, gas and mineral lease by the Lamar County Commission in favor of Peyton Greaves, the said Pey-ton Greaves was advised by the attorneys for the County Commission and by Judge Allen himself that the County did not claim to own the fee simple title to the lands lying under the road right-of-way in question: and, specifically, made no claim to the minerals and the oil and gas lying or reputed to lie thereunder.
“8. McGee, Ltd., a limited partnership, is a limited partnership organized under and pursuant to the laws of the State of Mississippi and is composed of Rachel McGee as the limited partner and Willard Paul McGee as the general partner.
“9. The Defendant presented no evidence at the trial of this matter that the ‘strip of land’ as set forth on Exhibit ‘A’ could be ascertained and determined to have a fixed and locatable boundary in and across the lands described in Exhibit ‘A’ and the evidence, in fact, was to the contrary in that the road in question has been moved and relocated on several occasions.”
The instrument referred to in the court’s findings as Exhibit “A” reads, in pertinent part, as follows:
“KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of ONE DOLLAR ($1.00) in hand paid to the undersigned grantors W.C. York and wife by the Commissioner’s Court of Lamar County, the receipt whereof is hereby acknowledged, and for the further consideration that Lamar County, through the Court of County Commissioners, shall locate and maintain a public highway of second grade along and through our land, we do hereby release, quitclaim and convey to the County of Lamar, a body corporate, for the use and purpose of maintaining a public highway, all of our right, title, interest and claim in and to the following strip of land twenty feet wide to be used for the purpose of constructing a road of second grade through the following described real estate, to-wit:
“A right of way for public road twenty feet in width described as follows: S ½ of S E ⅝ of S E ¼ of S E ¼, Section 13, T. 16, R. 16, West. Also N E ⅝ of N E ⅝ and the East 15 acres of S E ⅝ of N E ⅛, Section 24, T. 16, R. 16 West. Also S W Vi of N W ¼, Section 19, T. 16, R. 15 West.
“Said strip of land so conveyed is intended to be a strip through any land that said road is now located on, or may hereafter be located on by Lamar County, its agents, officers or its engineer.
“We further release, quitclaim and convey to Lamar County, a body corporate, all the sand, clay, gravel and other material that may be found on above described land, or any land that we may own at the time of the execution of this deed, that may be necessary for the construction and maintenance of said road, with the right to enter upon said land and remove the same.
“We also give to Lamar County, a body corporate, the right to cut any and all timber on said right-of-way and to use the same in the building of said road, and to cut down such trees along said road as may menace and endanger the traveling public; TO HAVE AND TO HOLD unto Lamar County, a body corporate, forever, for the purpose of maintaining and operating a public road, or highway.”
The dispositive issue in this case is whether the Yorks conveyed a fee simple interest in a strip of their land to Lamar County or simply a right of way across their land. If a fee simple interest was conveyed, then the judgment of the trial court would have to be reversed. The appellant would have the right to the minerals by virtue of his oil, gas, and mineral lease from Lamar County. If only a right *310 of way was conveyed, then the judgment would have to be affirmed.
In Brashier v. Burkett, 350 So.2d 309 (Ala.1977), the Court stated:
“It is a fundamental precept of property law that courts should construe instruments so as to give effect to the intent of the parties. Ala.Code, Tit. 47, §§ 17, 23 (1940); Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420 (1951). Yet, any court undertaking the dissection of such an instrument in order to ascertain the intent of the parties is faced with a task which, by its very nature, is plagued with the difficulties and uncertainties that necessarily accompany any probe into mental processes. Fortunately, however, the burden placed on the courts in scrutinizing deeds is facilitated by a body of judicially and legislatively created guidelines for the construction of deeds conveying property.
“Initially, the court should seek to ascertain the intention of the parties by looking to the entire instrument. Tit. 47, §§ 17, 23, Code of Alabama 1940; Stratford v. Lattimer, supra; The court should be careful to try to give meaning to every clause and provision of the instrument. Gentle v. Frederick, 234 Ala. 184, 174 So. 606 (1937); Nettles v. Lichtman, 228 Ala. 52, 152 So. 450 (1934).
“Second, the court should look to the factual situation and the circumstances existing at the time the instrument was created. Nettles v. Lichtman, 228 Ala. 52, 152 So. 450 (1934).
“Finally, the court may look to the subsequent acts of the parties to determine the correct construction of the instrument. Slaten v. Loyd, 282 Ala. 485, 213 So.2d 219 (1968).”
For the following reasons, we hold that the Yorks conveyed only a right of way to Lamar County and that right of way was for the express purpose of constructing and maintaining a public road.
Looking to the language of the instrument as a whole, it appears that the subject of the conveyance is “a right of way for [a] public road twenty feet in width.” The instrument is replete with references to the limited purpose of the conveyance (i.e., to allow for the construction and maintenance of a public road across the Yorks’ land). We disagree with the appellant’s contention that the reference in the granting clause to a “strip of land” clearly establishes that the Yorks intended to convey a fee. When the intent to convey an easement is manifest, the employment of terms that would otherwise describe corporeal property only will not suffice to defeat the purpose of the grant or render the instrument void as a grant of an easement. The term “land” may, and often does, when consistent with the manifest intent of the parties as gleaned from the instrument as a whole, comprehend an easement as distinguished from a fee in the soil. Alabama Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574 (1917).
Furthermore, the instrument recites that the “strip of land so conveyed [was] intended to be a strip through any [of the Yorks’] land that [the] road was [then] located on, or [might thereafter] be located on by Lamar County.” An inference can be drawn from this language that the road in question was already under construction at the time of the conveyance and that the location for the remainder of the road to be constructed was to be discretionary with the county. The language, “may hereafter be located on by Lamar County” also gives rise to an inference that the road, once completed, was subject to future relocation anywhere on the York land at the discretion of the county.
The appellees argue that the uncertain description of the “strip of land” renders the instrument ineffective as a conveyance of a fee simple title as a matter of law. They further argue that such an uncertain description is indicative of the Yorks’ intent to convey only a right of way.
The appellant insists that the instrument is effective as a conveyance of fee simple title, because the location of the strip is capable of ascertainment. He argues that it is where the road was located at that *311 time or where it was eventually located and exists presently.
The trial court found that no evidence was presented at trial that the “strip of land” could be ascertained and determined to have a fixed and locatable boundary in and across the Yorks’ land. It further found that the road had been moved and relocated on several occasions.
The “open” description contained in the instrument strongly implies that no conveyance of a fee was contemplated by the Yorks. Even assuming that the appellant had presented evidence at trial sufficiently establishing the road’s location so that the instrument could possibly have been effective (at least as far as the description is concerned) to create a fee interest, it is not reasonable to infer that the Yorks would have intended such a result. Quite obviously, the Yorks were not certain at the time of the conveyance where the road would ultimately be located or relocated on their land. This kind of uncertainty is simply not consistent with an intent to convey a fee interest.
Looking to the subsequent actions of the parties, we find that Lamar County, in response to the appellees’ request for admissions, admits that the York instrument conveyed to it only a right of way for the purpose of constructing and maintaining a public road. Judge Allen, Chairman of the Lamar County Commission, testified that the county had never claimed any interest in the minerals underlying the road.
The appellant relies principally upon Schneider v. Mobile County, 284 Ala. 304, 224 So.2d 657 (1969), and Rowell v. Gulf, M. & O. R.R., 248 Ala. 463, 28 So.2d 209 (1946), in support of his argument that the York instrument conveyed a fee. However, these cases are distinguishable from the present case.
In Schneider, the granting clauses of the two deeds in question were identical except for the cash consideration. They recited that for the stated consideration the grantors “have GRANTED, BARGAINED, SOLD, and by these presents do hereby GRANT, BARGAIN, SELL, and CONVEY unto the said Mobile County, Alabama, its heirs and assigns, the following described Real Estate situated in the county of Mobile and State , .of Alabama, to wit_” (Emphasis added.) The language quoted above was then followed in one of the questioned deeds by a description, which read in part as follows: “A strip of land, to be used as right of way for the Citro-nelle Road, 30 feet wide being 15 feet on each side of the following described line.” The pertinent part of the description in the other deed read: “A strip of land 50 feet wide, to be used as right of way for the Citronelle Road, being 25 feet on each side of the following described line.” (Emphasis added.)
Rowell also involved the construction of two deeds. The granting clauses of those deeds, except for the. differences in the amount of cash consideration, were identical and recited that the grantors “for the further consideration of the benefits to accrue to us from the construction of a railroad on the strip of land and in the station ground herein conveyed, do grant, bargain, sell and convey unto the said Mobile & Ohio Railroad Company for right of way and station grounds that certain tract of land situated in Mobile County, Alabama, more particularly described as follows, to wit_” (Emphasis added.) After the description of the land, the deeds recited: “The station grounds and right of way herein conveyed and the tract of land herein described being according to a map and survey signed by J.E. Buck, C.E.” (Emphasis added.)
In both Schneider and Rowell, the deeds in question affirmatively showed that a conveyance of specifically described land was made, accompanied by a recitation of the use to which that land was to be put, and the Court held that a fee simple title was conveyed to the land described.
In the present case, the granting clause, in pertinent part, recites that “W.C. York and wife ... for the further consideration that Lamar County ... shall locate and maintain a public highway ... through our land ... do hereby release, quitclaim, and *312 convey to the County of Lamar ... for the use and purpose of maintaining a public highway, all of our right, title, interest and claim in and to the following strip of land twenty feet wide to be used for the purpose of constructing a road.” This language is followed by a description which reads: “a right of way for public road twenty feet in width.” This description is then followed by a description of the land through which the road was to run. Thus the reference to the “strip of land twenty feet wide to be used for the purpose of constructing a road” in the last line of the granting clause is to “a right of way for public road twenty feet in width” as set out in the description clause. The reference to the “following described real estate” in the last line of the granting clause is to the land described in the description clause through which the right of way was to run. When the granting and description clauses are considered together, it can be seen that the “strip of land” referred to in the last line of the granting clause is characterized in the description clause as a right of way.
As heretofore indicated, we are of the opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, ALMON and BEATTY, JJ., concur.
TORBERT, C.J., concurs in the result.