## JUDGE OF THE CO. CT. OF LIMESTONE vs. KERR.

1. A married woman cannot prefer a complaint under the statute against the alleged father of a bastard, of which she has been delivered.

Error to the County Court of Limestone.

BRICKELL, for plaintiff in error :—It is insisted that under our statute wherever the child will by law be deemed a bastard, the mother may make the complaint. The 6 Geo. 2, c. 31, to be found on page 99, 2d vol. (new edit.) of Bacon's Abridgment, uses the precise language of our statute: "Any single woman," &c. Under that statute the English Courts have de-

Judge of the County Court of Limestone v. Kerr.

cided that a married woman may make the statutory complaint.—King v. Luffe, 8 East. 193. The case cited from 8 East. 193, is similar to this case, and shows the error of the court.

W. COOPER, for defendant:—The statute against bastardy is penal in its character and must be strictly construed. It cannot be extended to any other than the class named in it, to-wit, "single" women. In Kentucky their statute is directly analogous to our statute, and there it has been ruled again and again and finally settled—that the proceedings only apply in cases of *single women* having children.—Sund v. Nestor, 3 Dana, 453; Gaffary v. Austin, 8 Verm. Rep. 70; Davis v. Salisbury, 3 Blackf. 424.

DARGAN, C. J.—Mary R. Simpson filed a complaint before Alexander Russell, a justice of the peace of Limestone county, in which she charged that she had been delivered of a bastard child and that James H. Kerr was its father. A warrant issued on her complaint and Kerr entered into bond with security to appear before the County Court at the next term, and to abide and perform the order and decree that might be made by the court. An issue was made up and submitted to a jury to try the fact whether the defendant was the father of the bastard child; upon the trial of which it appeared that Mary R. Simpson was a married woman, but that her husband had abandoned her several years before the birth of the child. On this evidence, the court instructed the jury that if they believed that Mary R. Simpson was a married woman, they must find for the defendant, notwithstanding they might believe him to be the father of the child. The statute under which these proceedings were had evidently contemplates that a single woman alone can prefer a complaint of bastardy against one who may be the father of the bastard. The language of the act is—"When any single woman who shall be pregnant or delivered of a child which by law would be considered a bastard, shall make complaint," &c. As this statute is penal in its nature it must be strictly construed, and a married woman cannot be permitted to prefer the complaint although she be delivered of a bastard during coverture. This construction was placed on

the act by this court, in the case of Pruitt v. The Judge of the County Court, 16 Ala. 705.

It results from this view that there is no error in the record, and the judgment must be affirmed.