261 So.2d 752

**SOUTHERN RAILWAY COMPANY and Alabama Public Service Commission**

**v.**

**R. G. KENDALL, Jr., as Director of Department of Industrial Relations.**

**3 Div. 492.**

Supreme Court of Alabama.

April 27, 1972.

Douglas Arant and Thad G. Long, Birmingham, for appellant Southern Railway Co.

Carl L. Evans, Montgomery for appellant Alabama Public Service Comm.

J. Eugene Foster and Richard S. Brooks, Montgomery, for appellee.

PER CURIAM.

The Director of the Department of Industrial Relations initiated the proceedings in this case by filing a bill for injunction and declaratory judgment against Southern Railway Company, asking that the court enjoin Southern from refusing to allow the Director of the Department of Industrial Relations or his representatives to make inspections of Southern's places of employment throughout the State of Alabama and that the court enter a decree declaring that the Department of Industrial Relations had such authority under the statutes of this state. The Alabama Public Service Commission intervened.

After a hearing on the application for temporary injunction, the court entered an order granting said temporary injunction. At a later proceeding the trial court vacated its temporary injunction order.

Subsequently, both appellants filed demurrers to the bill of complaint as amended. The trial court overruled said demurrers and entered a decree declaring the rights of the complainant. Said decree stated in part:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the amended demurrers of the respondent, Southern Railway Company, and the demurrer of the intervenor, Alabama Public Service Commission, to the complaint as last amended be, and are, hereby overruled.

"There being no factual controversies presented by the bill of complaint, but simply a question of law only, the Court deems it expedient that a decision be rendered resolving the entire controversy and the Court therefore proceeds to decide the matter on demurrer.

"IT IS, THEREFORE, FURTHER ORDERED, ADJUDGED AND DECREED by the Court as follows:

"(1) That it was the intention of the legislature to vest in the Alabama Department of Industrial Relations the authority and jurisdiction to administer laws relating to working conditions and matters of safety and health in places of employment and to promulgate such rules and regulations as may be necessary to effectuate such intention. Accordingly, the Court finds there is no statutory conflict between Sections 3 and 12, Title 26, and Sections 110 and 17, Title 48, Code of Alabama 1940 (Recompiled 1958)."

From this final decree appellants appeal.

■ Appellants contend that the trial court erred in overruling the demurrers to the amended bill of complaint. We have held on several occasions that if the bill of complaint states the substance of a bona fide justiciable controversy which should be settled, this states a cause of action for declaratory judgment and the demurrer thereto should be overruled. City of Mobile v. Wooley, 278 Ala. 652, 180 So.2d 251; Metzger Bros., Inc. v. Royal Indemnity Co., 274 Ala. 643, 151 So.2d 244; Orkin Exterminating Co. of North Alabama v. Krawcheck, 271 Ala. 305, 123 So.2d 149.

■ The bill of complaint avers that there is an actual justiciable controversy between respondent and complainant concerning the interpretation of the statutes noted in the foregoing portion of the decree and the legal relations of the parties thereunder. It is our view that the bill of complaint does state a case for declaratory judgment under Tit. 7, § 156 et seq., Code of Ala.1940, and the demurrers were properly overruled.

Appellants further contend the trial court erred in entering a final decree before an answer was filed or any evidence introduced.

■ This court has repeatedly held where a bill for declaratory judgment shows a bona fide justiciable controversy, the demurrer thereto should be overruled, and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Bessemer v. Bessemer Theatres, Inc., 252 Ala. 117, 39 So.2d 658; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; and cases cited in 7A Ala.Dig., Declaratory Judgment, 325.

On occasion this court has made an exception to this general rule where counsel for both sides have argued the merits of their controversy and manifest a desire to have the question settled on demurrer, and it is purely a question of law which will not be influenced by facts which are not set out in the bill. Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455; Evers v. City of Dadeville, 258 Ala. 53, 61 So.2d 78; McCall v. Nettles, 251 Ala. 349, 37 So.2d 635.

■ Appellant Southern Railway Co. insists upon application of the general rule and manifests no desire to have the case decided before answer. Therefore, it is necessary to apply the ordinary procedure and hold that the trial court erred in deciding the merits of the controversy before an

answer was filed. Thus the cause is due to be reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLE-MAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.

LAWSON and SIMPSON, JJ., not sitting.