EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a paternity case.
The prosecutrix-mother was the only witness to testify. During all pertinent periods of time the mother and her lawful husband were both residents of Covington County but they had been separated since November 1977. She was still married to that same husband at the trial in November 1981. She testified that she had had no sexual relations with her husband after their 1977 separation, that they never got back together again, and that the only time she sees her husband is when they “occasionally see each other, bump into each other on the street or something like that.”
The prosecutrix first met the defendant, the purported father, in either April or May of 1980 at a trailer park where she resided with her mother and where the defendant was living with his brother. They began to see each other, thought they were in love, and discussed marriage. Their first sexual intercourse occurred about three weeks after they met. In late June 1980 she began to reside in her own trailer and the defendant moved in with her. Their relationship ceased on August 13, 1980. Between May and August 13, 1980, she had sex with the defendant once or twice a week on a regular basis. She did not date anyone else during that period of time.
The prosecutrix suspected that she was pregnant in early July 1980 because of a late and abnormal menstrual period. She told the defendant of her suspicions and he seemed happy about it. Later, she also informed him when a physician verified that she was six to eight weeks into her pregnancy. The child was born on April 20, 1981 and was a full-term baby.
After a nonjury trial, the circuit court found for the defendant. When the evidence was concluded, the court stated from the bench that the state had failed in its proof because the evidence did not show a complete nonaccess of the child’s mother to her lawful husband. In its written judgment which discharged the defendant, the circuit court recited that it was not reasonably satisfied that the child was an illegitimate child, in that the testimony was undisputed that the child was not born out of wedlock.
In neither the court’s oral remarks from the bench nor in the findings in the judgment did the trial court question the credi *593 bility of any portion of the mother’s uncon-tradieted testimony, but the circuit court held, in substance, that her testimony as such was insufficient to prove that the child was illegitimate since the mother was still legally married to a man other than the defendant. It appears that the trial court did not reject any of her evidence but simply ascertained that it was legally inadequate. Accordingly, we must determine whether her testimony was sufficient or insufficient as a matter of law. We deem it to have been adequate to support the paternity charge.
An illegitimate child or bastard is defined as being not only “a child born out of wedlock, but also ... a child born in wedlock but sired by a man who was not the mother’s husband.” Leonard v. Leonard, 360 So.2d 710 (Ala. 1978) (citation omitted). That definition would apply to the paternity statute, §§ 26-12-1 to -9, Code 1975.
In a case where the facts were similar to those in the present case, this court held:
“This evidence is in large measure uncon-tradicted. The wife’s last social contact with her husband, besides a chance meeting on the street, was in April, 1975. She started living with the defendant in June, 1975, and continued to do so until October, 1975. During this period, the mother dated no one else besides defendant. The record further reveals that the mother and defendant had an active sexual relationship during their cohabitation. She discovered her pregnancy in October and the child was born in May, 1976.
“In view of the above, we cannot say the state failed to meet its burden of showing that the husband was not the father of the child. It is clear to this court that there was no evidence of cohabitation or access between the wife and husband during the time pregnancy might have occurred. Suffice it to say, the record contains overwhelming evidence tending to show the defendant as the father and thus rebutting the presumption of legitimacy.”
Ingram v. State, 364 So.2d 329 (Ala.Civ.App.1978), cert. denied, 364 So.2d 331 (Ala. 1978). Accordingly, we must here hold that the present evidence adequately supported the paternity charge against the defendant and we must reverse and remand this case.
Since it will be necessary that this case be retried, we wish to make it clear that nothing herein stated should be construed as any encroachment upon the absolute right of the trier of facts to decide every fairly debatable question of fact, nor is this opinion any authority that requires the fact finder either to accept or to reject without reserve the uncontroverted testimony of any witness who is interested in the outcome of the case. Merely because evidence of an interested witness is uncontroverted does not mean that the court must believe, accept, or be bound thereby. “[T]he court or jury may disregard the testimony of an interested witness, as against a presumption, if the latter satisfies them.” 81 Am. Jur.2d Witnesses § 661 (1976) (footnote omitted). In short, this decision is no commentary upon the credibility nor noncredi-bility of the witness.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.