This is a paternity case. *Page 175 
The mother of a child born in July 1977 swore out a complaint in the juvenile court charging Palmer with being the child's father. The juvenile court adjudicated Palmer's paternity of the child and he appealed to the circuit court. Palmer filed a "plea in abatement" that, since October 1976, the child's mother had been married to Ikner and that, as to the issues in the case, she was married to Ikner at all pertinent times.[1] The learned circuit court granted Palmer's plea in abatement and dismissed the case. The State appealed.
For over a century, a married woman, as a matter of law, could not institute a bastardy action in the Alabama courts because the bastardy statute only granted that privilege to a single woman. Judge of the County Court of Limestone v. Kerr,17 Ala. 328 (1850). That ancient legislative enactment was repealed and replaced by 1961 paternity legislation which is now codified as § 26-12-1 through -9 of the 1975 Code and which is commonly referred to as the deGraffenried Act. Pertinent provisions of § 26-12-1 are as follows:
 "Whenever any woman residing in any county of Alabama is pregnant with or delivered of an illegitimate child; complaint may be made in writing under oath by the mother of said illegitimate child . . . to the juvenile court of the county where such woman resides . . . stating that fact and charging the proper person with being the father thereof."
Thus, unlike the bastardy statute which read "single woman," the paternity legislation authorizes the commencement of the action by "any woman." Accordingly, the prohibition against a married woman instituting bastardy proceedings, as declared by the Kerr case, has no application at this time.
The present paternity statute uses the words "illegitimate child." An illegitimate child is a child born out of wedlock, or an illegitimate child may also be "a child born in wedlock but sired by a man who was not the mother's husband." Leonardv. Leonard, 360 So.2d 710, 712 (Ala. 1978). That definition applies to the present paternity statute. State v. Scroggins,419 So.2d 592 (Ala.Civ.App. 1982).
Here, the juvenile court had jurisdiction over this case by reason of § 26-12-1, which authorizes the commencement of paternity proceedings in the juvenile court. Code § 12-15-31 (2) gives exclusive jurisdiction to the juvenile court in proceedings to establish the paternity of a child born out of wedlock, but that code section does not dilute or diminish the broad general jurisdiction of the juvenile court over all paternity cases as granted by the deGraffenried Act. § 26-12-1, Ala. Code (1975).
For the foregoing reasons, a married woman who is pregnant with or delivered of a child sired by a man other than the woman's husband may make the required sworn complaint in the proper juvenile court thereby initiating proceedings to judicially ascertain if the purported father is the actual father of the child. In fact, this procedure has been followed and impliedly allowed, although not expressly determined to be proper, in cases decided after the passage of the paternity act. For examples, see State v. Scroggins, 419 So.2d 592
(Ala.Civ.App. 1982), and Ingram v. State, 364 So.2d 329
(Ala.Civ.App. 1978), cert. denied, 364 So.2d 331 (Ala. 1978).
The "plea in abatement" should not have been granted and the case should not have been dismissed. We must reverse and remand this case for further proceedings.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.
[1] Civil procedures apply in paternity cases. § 26-12-2, Code 1975. In reality, the plea in abatement was a motion to dismiss which was converted into a motion for a summary judgment. Rules 12 (b) and 56, A.R.Civ.P. *Page 176