On Rehearing
The opinion as to this appeal which was issued on April 25, 1984 is withdrawn on rehearing and the following substituted therefor.
This declaratory judgment action concerns the paternity of a child born to a married woman.
Jeffrey's complaint avers that Sylvia is the mother of a male child born on March 1, 1983, that Sylvia and David were lawfully married at the time of the child's conception, but that Sylvia and Jeffrey were cohabiting together in the state of Texas at that time, that Jeffrey attempted to legitimate the child in the probate court but that Sylvia objected to it, while David filed therein his sworn declaration of his fatherhood of the child, and that a justiciable controversy presently exists between the parties. Jeffrey sought a declaratory judgment that the child is illegitimate, that Jeffrey is the biological and natural father of the child, and for general relief.
From sworn instruments attached to the complaint, it appears that both Sylvia and David take exception to the allegations that Jeffrey is the child's true father. David acknowledges that the child is his and he swore that he intends to abide by all of his parental responsibilities that are required by law. Sylvia relies upon the fact that the child was conceived when she and David were married to each other. They were divorced on November 10, 1982.
Jeffrey filed an affidavit that he and Sylvia cohabited together in Philadelphia, Mississippi from April 21 until May 24, 1982, when they moved to Texas where they lived together until October 13, 1982 when they returned to Alabama; that the child, who was born on March 1, 1983, was conceived while they so cohabited, and is the bastard child of their union during that time. Jeffrey's affidavit states as a conclusion that Sylvia and David had no access to each other and had no opportunity to be together from April 1982 until October 1982.
Sylvia and David filed a motion to dismiss Jeffrey's complaint and their motion was granted by the trial court on the ground that Jeffrey had no standing to bring the action. Jeffrey appealed. Excellent briefs have been provided to this court by both sides.
A recent addition to the Alabama Code confers concurrent jurisdiction in paternity actions upon juvenile courts, district courts, and circuit courts. § 38-10-7, Code 1975. This was a circuit court case. It was filed in a proper forum.
A circuit court has the power under section 6-6-222, Code 1975, to declare "rights, status and other legal relations
whether or not further relief is or could be claimed." (Emphasis supplied.) The existence of another adequate remedy does not preclude a judgment for declaratory relief where appropriate. Rule 57, Alabama Rules of Civil Procedure. The test of the sufficiency of a declaratory judgment complaint is whether the plaintiff is entitled to a declaration of rights at all, and the complaint does not have to reveal that the plaintiff will be successful in obtaining a declaratory judgment in accordance with his contentions. City of Mobile v.Gulf Development Co., 277 Ala. 431, 171 So.2d 247 (1965). If a complaint alleges the substance of a bona fide justiciable controversy which should be settled, it states a cause of action for a declaratory judgment. The motion to dismiss the complaint should be overruled, and a declaration of rights made and entered only after answer and the presentation of evidence.Southern Railway v. Kendall, 288 Ala. 430, 261 So.2d 752
(1972). *Page 642 
Thus, one of the real questions for our decision is whether the complaint in this case averred a bona fide justiciable controversy which should be settled. That narrow issue is whether Jeffrey can maintain the action at all, and we are not presently concerned with whether he can prevail.
It has been decided in Alabama that a declaratory judgment proceeding is a proper vehicle for declaring the status of a child with respect to her alleged father's estate. Brantley v.Brantley, 251 Ala. 493, 38 So.2d 8 (1948). In that case, if the child were legitimate she could inherit from her father, but she was not an heir of her alleged father if she was illegitimate. We find nothing within the language of the declaratory judgment act which precludes a declaration of paternity. Other states have determined that a putative father has the right and standing to institute civil actions which seek a determination that he is the true father of a child born to a married woman. For recent examples see Raleigh v. Watkins,293 N.W.2d 789 (Mich.App. 1980) and R. McG. v. J.W.,200 Colo. 345, 615 P.2d 666 (1980).
We conclude that the complaint in this case properly stated a cause of action for a declaratory judgment. A bona fide justiciable controversy which should be settled was averred by the complaint which sought to determine the status or legal relation of the child with the parties. § 6-6-222, Code 1975.
Since Sylvia and David were lawfully married at the time that the child was conceived, the child is presumed to be legitimate. One of the strongest and most persuasive presumptions known to the law is that a child born to a married woman is presumed to be the legitimate offspring of the husband, and the measure of proof required to rebut such a presumption is great, for it may be rebutted only by "clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father." Leonard v. Leonard, 360 So.2d 710, 712 (Ala. 1978). The modern rule is a relaxation of the very strict and often conclusive common-law rule. The presumption of legitimacy is now rebuttable. Leonard v. Leonard, supra; Arthur v. Arthur,262 Ala. 126, 77 So.2d 477 (1955); Carnegie v. Carnegie,261 Ala. 146, 73 So.2d 556 (1954); Jackson v. Jackson, 259 Ala. 267, 66 So.2d 745 (1953). As was stated in Bullock v. Knox,96 Ala. 195, 11 So. 339 (1892), "The question of legitimacy is simply one of fact." That being true, the putative father in this case was entitled to have the opportunity to present clear and convincing evidence in a trial in an attempt to rebut the strong presumption that the mother's husband was the father of the child. The issues raised by the complaint were not matters which could be determined only upon the pleadings which were before the trial court, for questions of fact were presented. While the burden of proof upon the putative father is great and while he may never overcome the presumption of legitimacy, he has the right to try this case and to have the trial court judicially settle this controversy.
For those reasons we determine that the learned trial court erred in granting the motion to dismiss the declaratory judgment action. This case must be remanded to the trial court.
A constitutional question may arise, depending upon the proof offered at trial. A married woman who has a child fathered by a man other than her husband may institute paternity proceedings against the putative father. State v. Palmer, 439 So.2d 174
(Ala.Civ.App. 1983); State v. Scroggins, 419 So.2d 592
(Ala.Civ.App. 1982); Ingram v. State, 364 So.2d 329
(Ala.Civ.App.), cert. denied, 364 So.2d 331 (Ala. 1978). The equal protection clause may require and allow a similar right by the putative father to institute proceedings to have such a child declared to be his offspring under appropriate circumstances. Lehr v. Robertson, 463 U.S. 248, 103 S.Ct. 2985,77 L.Ed.2d 614 (1983); Stanley v. Illinois, 405 U.S. 645,92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). *Page 643 
While it has no bearing upon the instant matter, we alert the bench and bar to the fact that the Alabama Uniform Parentage Act became effective on May 7, 1984 and its provisions could control as to whether cases which are similar to the present one but which are filed after that date can be maintained. Act No. 84-244, 1984 Ala. Acts.
The appellee's request for an attorney's fee is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.