INGRAM, Judge.
This case concerns the paternity of a child born to a married woman.
The plaintiff, Jean Ann Koenemann (mother), and the defendant, Norman J. Presse, Jr. (Presse), were married in 1973. They lived together as husband and wife until their divorce in 1980. However, prior to their divorce, the mother and Presse moved to Tuscaloosa in 1975, where the mother had an extramarital relationship with Lynn C. Koenemann (Koenemann). The mother testified that she and" Koene-mann were having sexual relations without any form of contraception during the period of the mother’s conception of this minor child. She also testified that she did use a contraceptive device for sexual relations with Presse during this same period. Sometime in 1977, the mother and Presse returned to Louisiana, and a child, namely, Shelly Rene Presse (minor child), was born. As noted above, the mother and Presse were divorced in January 1980. Custody of the minor child was originally awarded to Presse. In March 1980, the mother married Koenemann, and in May 1980, custody of the minor child, approximately age three, was transferred to the mother. The mother, the minor child, and Koenemann have resided together as a family, along with the two other children subsequently born to this marriage.
In 1986, the mother and Koenemann filed a verified complaint for declaratory judgment and petition for modification. They requested the court to find that Koene-mann was the natural father of the minor child and further requested the court to modify the prior divorce decree so as to strike all references to the minor child. Following an ore tenus hearing, the trial court found that Koenemann was the biological and natural father of the minor child. The court further awarded Presse certain visitation rights with the minor child. From this order, Presse appeals to this court.
For actions, such as this one, commenced since May 7, 1984, the Alabama Uniform Parentage Act (act), § 26-17-1, et seq., Ala.'Code 1975, provides for a civil cause of action for the determination of paternity. Section 26-17-5(a) sets out the circumstances where a man is presumed to be the natural father of a child, and § 26-17-5(b) states that a presumption of paternity under the above section may be rebutted only by clear and convincing evidence.
Here, Presse is the presumed father under § 26-17-5(a)(l), in that Presse and the mother were married at the time the minor child was born. This presumption is one of the strongest and most persuasive presumptions known to the law, and the measure of proof required to rebut such a presumption is great. It can only be rebutted by “clear and convincing” evidence. § 26-17-5(b). This clear and convincing evidence must tend to show that it is naturally, physically, or scientifically impossible for the husband to be the father. See Firikenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985); see also Anonymous v. Anonymous, 472 So.2d 640 (Ala.Civ.App. 1984).
Therefore, we find that, pursuant to the act, Koenemann could bring an action to rebut Presse’s presumption of paternity. The only question remaining is whether Koenemann met this extremely heavy burden. In other words, did Koenemann prove that it was scientifically impossible for Presse to be the father of the minor child? We think he did.
The record, in pertinent part, reveals that in June and July 1987, the trial court ordered certain blood tests to be performed. The results of these blood tests were that Presse “lacks the red cell antigen N, which is present in the child, Shelly R. Presse, and is absent in the mother. Therefore, the alleged father [Presse] cannot be the *405 biological father of the child.” These reports further showed that Koenemann and the child share genetic markers and that there is a 99.B6 percent probability that Koenemann is the biological father.
In view of the above, we find that Koene-mann did meet his heavy burden of rebutting Presse’s presumption of paternity.
As to Presse’s arguments concerning collateral estoppel and res judicata, we find no merit. Koenemann was not a party to the original divorce case between Presse and the mother. We have no doubts that the mother is barred from raising the issue of paternity, see Collier v. State, 454 So.2d 1020 (Ala.Civ.App.1984); however, we find no reason why Koenemann should be excluded from doing so. He was not a party to the original suit, nor was the issue of paternity actually litigated. Therefore, the elements required to preclude an issue are not met. Owen v. Miller, 414 So.2d 889 (Ala.1981).
In view of the above, all other issues raised by Presse are pretermitted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., concurs specially.
HOLMES, J., dissents.