HOLMES, Judge
(dissenting).
I respectfully dissent.
The majority concludes that “pursuant to the act, Koenemann could bring an action to rebut Presse’s presumption of paternity.” That assertion does not, I find, sufficiently address the appellant’s contention that the act does not so permit an action by Koenemann in this case.
The dispositive issue, in my opinion, is one of standing. Does Koenemann, under the facts and circumstances of this particular ease, have standing to contest the paternity of the child pursuant to the Alabama Uniform Parentage Act?
The trial court held that Koenemann did have standing to bring the action. Specifically, the trial court held the following:
“The five (5) year statute of limitations in paternity actions raised by Defendant is not applicable. Plaintiff Lynn Koene-mann does not fit putative father categories in § 26-17-5(a)(l), (2), or (3). If he fits any category, it would be § 26-17-5(a)(4) for which there is no statute of limitations per § 26-17-6(b). Further, he has standing to maintain this *406 Declaratory Judgment action. See Anonymous v. Anonymous, 472 So.2d 640 (Ala.Civ.App.1984), and Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985).”
I first note that the cases cited by the trial court were filed before the effective date of the act. The cases are not, therefore, directly applicable to the instant case. As indicated, the specific focus of this case is the question of Koenemann’s standing under the controlling statute — that statute being the Alabama Uniform Parentage Act.
The statutory provisions which the trial court cites in concluding that Koenemann does have standing read as follows:
“Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) of section 26-17-5(a).”
Ala.Code (1975), § 26-17-6(b) (1986 Repl. Vol.).
“While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child....”
Ala.Code (1975), § 26-17-5(a)(4) (1986 Repl. Vol.).
Reading those two provisions together, the trial court apparently concluded that Koenemann was a “presumed father” under § 26-17-5(a)(4) and, therefore, could bring an action pursuant to § 26-17-6(b).
In concluding that Koenemann does not, in my opinion, have standing pursuant to the act in this case, I base my conclusion on the following statutory provision which I think is central to the resolution of this case and others like it:
“A presumption of paternity under this section may be rebutted in an appropriate action only by clear and convincing evidence. In the event two or more conflicting presumptions arise, that which is founded upon the weightier considerations of public policy and logic, as evidenced by the facts, shall control”
Ala.Code (1975), § 26-17-5(b)' (1986 Repl. Vol.) (emphasis supplied).
My reading of that provision is that where two presumptions conflict — as in this case, where there are, at least arguably, two “presumed” fathers — certain considerations of public policy and logic must then be addressed in resolving the issue of standing.
Without repeating in detail the facts of this case, I am convinced that, where a party such as Koenemann has allowed the lapse of so many years and several judicial occasions in which to assert his fatherhood to pass, public policy dictates that he should not have standing to bring a paternity suit in this case.
I would note Chief Justice Torbert’s opinion in Ex parte Anonymous, 472 So.2d 643 (Ala.1985), in which he would apparently forever foreclose a purported biological father from bringing a paternity suit where the child was born during the marriage of the mother and another man.
I would agree with our distinguished Chief Justice Torbert, at least as far as this case is concerned, that the purported biological father does not have standing to contest the paternity of the child in question.