INGRAM, Judge.
This proceeding began when the City of Northport (City) served notice of a predisci-plinary hearing on Howard Williams, who was at that time employed by the City’s police department. The hearing was conducted on April 15, 1987. After the hearing, Williams was discharged. He filed a protest of his dismissal with the City’s personnel board, and it conducted a lengthy hearing beginning on May 12. The personnel board affirmed Williams’s discharge, and he appealed that decision to the circuit court. The trial judge heard the evidence ore tenus in a de novo trial on April 12, 1988, and ordered Williams dismissed from the police department. Williams now appeals from that judgment.
Williams first contends on appeal that he was not afforded due process. He argues several alleged violations.
Williams argues that he was wrongfully deprived of a pretermination hearing because he did not receive notice of the hearing and the charges against him until the day of the hearing and could not attend due to illness. These allegations are unsubstantiated by the record. In any event, any deficiencies in pretermination proceedings can be cured by posttermination proceedings. Minton v. Personnel Board of Jefferson County, 406 So.2d 435 (Ala.Civ.App.1981).
Williams also argues, however, that the posttermination proceedings were improper. He complains that he was questioned on matters unrelated to the charges against him and about which he had no opportunity to prepare a defense. Charges filed before administrative boards do not have to be drawn with the same refinements as do court pleadings. The only requirements are that the charges be sufficient to warrant dismissal of the employee and specific enough to apprise him of the allegations against him. Johnston v. State Personnel Board of Alabama, 447 So.2d 752 (Ala.Civ.App.1983). We find that the charges against Williams met both requirements. Furthermore, our review of the record does not reflect any questions so unrelated or unpredictable as to be prejudicial.
Williams next attacks the city attorney’s representation of the personnel board as well as the City and its chief of police. That issue is not properly before us because Williams did not raise it at trial. This court will not consider an issue first raised on appeal that was not presented at the trial court level. Williams v. Marcum, 519 So.2d 473 (Ala.1987).
Williams next contends that his retirement pay and other benefits were discontinued in August 1986, which had the effect of “firing” him before the commencement of these proceedings. He does not, however, refer us to any legal evidence presented at trial which would support his contention. Such references are required by Rule 28(e), Alabama Rules of Appellate Procedure. This court is not under a duty to search the record for evidence to support a party’s arguments on appeal. Totten v. Lighting & Supply, Inc., 507 So.2d 502 (Ala.1987). We note, however, that our review of the record reveals that Williams commented on this issue while he was questioning a witness, but we do not find any mention of this issue during his testimony under oath.
Williams also claims that he was denied a trial de novo as required by Section 19 of the Northport Civil Service Act (Acts of Alabama 1969, Act No. 1225, Regular Session, September 13, 1969, pp. 2297-2309). He argues that the transcript of the personnel board hearing was admitted into evidence over his objection, that the transcript was not complete, that the court did not receive a certified copy of the transcript, and that the court failed to conduct a de novo hearing. The record does not reflect that Williams objected at trial to the *67 admission of the transcript, and he cites no authority to support his other arguments regarding the transcript. We will not consider issues first raised on appeal, Williams v. Marcum, supra, nor will we consider arguments in a brief without citations of authority. Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App.1987); Henderson v. Alabama A & M University, 483 So.2d 392 (Ala.1986).
In support of his argument that he was denied a trial de novo, Williams refers us to the opening remarks of the trial judge at the April 1988 hearing, in which he stated that the proceeding was to be “basically a review of what the prior Court or hearing body did.” That statement appears to be little more than an inaccurate categorization of the trial court’s conduct of the trial. Williams was entitled to a trial de novo by the Northport Civil Service Act. Hallman v. City of Northport, 333 So.2d 152 (Ala.Civ.App.1976). Following his opening remarks, the trial judge apparently corrected himself; therefore, the utterance of those remarks was harmless error. A trial de novo was held, as reflected by the transcript of the same in the record before us. The judge referred to the proceedings as a trial de novo during the trial and in his decision. Further, our review of his decision reflects that it was properly based on the hearing conducted before him and not on the prior personnel board hearing.
Williams argues other alleged procedural and evidentiary violations of his right to due process. We see no precedential value in discussing those arguments, because Williams again fails to cite any supporting authority. As stated above, arguments without citations of authority will not be considered by this court. Simonton, supra; Henderson, supra.
“The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 [96 S.Ct. 893, 902, 47 L.Ed.2d 18] (1976).” Humane Society of Marshall County v. Adams, 439 So.2d 150, 152 (Ala.1983). Williams was afforded such an opportunity to be heard, and we find that the requirements of due process were adequately satisfied.
We now turn to Williams’s second issue. He contends that the personnel board violated the Northport Civil Service Act. That argument is based on certain of the due process arguments referred to above for which no authority is cited and will not, therefore, be considered. Simonton, supra; Henderson, supra.
Finally, Williams insists that the personnel board’s decision was not supported by “substantial” evidence. He does not discuss the circuit court’s decision upon which our review is based. We find, however, that the record before us supports the trial court’s judgment and that the trial court is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and ROBERTSON, J., concur.