RUSSELL, Judge.
This is an appeal from a declaratory judgment.
An action was filed in the Montgomery County Circuit Court by the Alabama State Employees Association, challenging a decision by the Alabama State Personnel Board (Board) not to follow a personnel procedure known as reallocation where such practice would have the effect of violating a United States District Court order annunciated in United States v. Frazer, 317 F.Supp. 1079 (M.D.Ala.1970). That order prohibits the Board from promoting or hiring a lower-ranking white applicant in preference to a higher-ranking black applicant.
Based on the record before it, which consisted of a complaint, an answer filed in conjunction with a motion to dismiss, and the briefs of both parties, the trial court rendered a declaratory judgment and enjoined the Board from implementing its decision. The Board appeals. We reverse and remand.
The dispositive issue is whether the trial court erred in rendering a declaratory judgment based solely on the pleadings and prior to the presentation of any evidence.
Initially, we note that the commentary to § 41-22-10, Ala.Code 1975 (1982 Repl.Vol.), provides that actions for declaratory judgment filed in the circuit court are governed by the procedures set forth in the Alabama Uniform Declaratory Judgments Act, Ala.Code 1975, §§ 6-6-220 through -232. That act provides, generally, that in such actions, decisions must be rendered only after evidence has been presented and may not be made solely on the pleadings.
This principle was espoused by this court in Anonymous v. Anonymous, 472 So.2d 640 (Ala.Civ.App.1984), cert. quashed, 472 So.2d 643 (Ala.1985). There we stated:
“If a complaint alleges the substance of a bona fide justiciable controversy which should be settled, it states a cause of action for a declaratory judgment. The motion to dismiss the complaint should be overruled, and a declaration of rights made and entered only after answer and the presentation of evidence. Southern Railway [Co.] v. Kendall, 288 Ala. 430, 261 So.2d 752 (1972).”
472 So.2d at 641.
Southern Railway involved a trial court’s rendering of a declaratory judgment based solely on the complaint and the demurrers of the two defendants. In reversing that decision, the supreme court stated:
“This court has repeatedly held where a bill for declaratory judgment shows a bona fide justiciable controversy, the demurrer thereto should be overruled, and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Bessemer v. Bessemer Theatres, Inc., 252 Ala. 117, 39 So.2d 658 [1949]; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11 [1947]; and cases cited in 7A Ala.Dig., Declaratory Judgment, [Key No.] 325.”
288 Ala. at 432, 261 So.2d at 754.
Consequently, we find that it was error for the trial court to render a final decision on the merits prior to the presentation of any evidence which either party may have wished to have considered.
Finally, we recognize that an exception to this general principle exists when both parties have requested that the issue be resolved without the presentation of evidence and where the issue involves only a question of law. Schneider v. Mobile County, 284 Ala. 304, 224 So.2d 657 (1969). Here, however, there is no evidence contained in the record that the parties to this action either expressly or impliedly consented to the resolution of this matter based solely on the pleadings and briefs before the court. Additionally, this action involves questions of fact, as well as questions of law. Therefore, we find that it does not fall within the exception to the general rule set forth in Schneider.
In view of the above, we pretermit as unnecessary a discussion of the remaining *936 issues presented by the Board. This case is due to be reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.