CRAWLEY, Judge.
Randall Glass was employed by the City of Dothan as a police officer when he injured his back while placing leg irons on a prisoner in October 1999. After two surgeries, including a lumbar fusion, and physical therapy, Officer Glass continued to have back pain necessitating the use of strong medication. According to his functional capacities examinations (“FCE”), Officer Glass can work in sedentary to light positions; Dr. John Dorchak and Dr. Robert Allen both stated that, in their opinions, Officer Glass was no longer capable of working as a police officer.
Officer Glass sought workers’ compensation benefits from the City. Although Officer Glass sought a determination that he *130 was permanently and totally disabled, the City disputed the extent of his disability. The parties agreed to a settlement in November 2001 that awarded Officer Glass $50,000 in a lump sum; medical benefits remained open. Officer Glass also sought disability retirement; however, his request was denied.
In June 2002, Officer Glass was informed that he could no longer be employed as a police officer because, according to his FCE, he could not perform the essential functions of his job. According to Kai Davis, the City’s personnel director, she met with Officer Glass and they discussed his options, including reapplying for disability retirement; Davis also provided Officer Glass a list of vacant positions with the City. The list of vacant positions included marketing coordinator; carpenter; lineman, first class; maintenance construction worker; firefighter; recreation supervisor; custodial worker, part-time; athletic recreation leader; utility worker; personnel analyst; police officer and jail-security officer; environmental-service worker; equipment operator; director of transportation equipment; equipment-service foreman; and street superintendent. Davis and Officer Glass met a second time in July 2002, after which Davis informed Officer Glass via letter that “unless you are able to fill one of the vacant positions in the City workforce, your continued employment with the City is in jeopardy.”
When Officer Glass failed to apply for any of the vacant positions with the City, the City charged Officer Glass with a violation of § 3^43(19) of the City’s personnel rules and regulations. After a due-process hearing, Officer Glass was dismissed from employment with the City. He appealed his dismissal to the City’s personnel board, which affirmed the dismissal. Officer Glass then appealed the personnel board’s affirmance of his dismissal to the circuit court, which also affirmed the dismissal. He now appeals to this court, arguing, among other things, that the personnel board did not have before it substantial evidence to uphold his dismissal on the grounds specified. We agree and reverse.
“The standard of judicial review applied to rulings of administrative agencies differs from that applied to rulings of trial courts. An appellate court will affirm a ruling of a lower court if there is any valid reason to do so, even a reason not presented to — or rejected by — the lower court.... When reviewing the decision of an administrative agency, however, an Alabama court will affirm only if the action and the stated basis for the action are correct.”
Ex parte Beverly Enterprises-Alabama, Inc., 812 So.2d 1189, 1195 (Ala.2001). “The decision of an administrative agency will be affirmed unless the appellant can prove that the agency acted in an arbitrary and capricious manner or failed to comply with applicable law.... The Board’s decision ‘must be affirmed if there is substantial evidence to support the [Board’s] findings.’ ” Ex parte City of Dothan Pers. Bd., 791 So.2d 353, 356 (Ala.2000) (quoting Ex parte Personnel Bd. for Mobile County, 637 So.2d 888, 889 (Ala.1994)).
The City’s basis for seeking Officer Glass’s dismissal, § 3^3(19) of the personnel rules and regulations, appears in a regulation entitled “Regulation III — Disciplinary Policy” and is a “catchall” provision under a part of the regulation entitled “Intolerable Offenses,” which are defined as “offenses that are of such severe nature that the employer cannot tolerate more than the commission of one such offense” and for which an employee “shall be subject to discharge.” § 3-20(3). Section 3-43(19) reads: “Other; Explain in detail on Personnel Form # 153 the offense(s) com *131 mitted by the employee.” An employee who commits an intolerable offense is subject to discharge “implemented in accordance with Personnel Regulation IV — Due Process Procedure,” which entitles the employee to a due-process hearing. § 3-20(3).
Separations from employment are governed by another of the personnel regulations, specifically, “Regulation X— Separations.” That regulation divides separations from employment into eight types, of which only two are applicable to our consideration of this case: disability and dismissal. Pursuant to § 10-10(4), which addresses disability separation, an employee may be separated from his employment with the City when he or she “cannot perform the required duties because of a physical or mental impairment.” Section 10-10(4) does not provide that an employee who is “separated” for disability is entitled to a due-process hearing. On the other hand, dismissals, which are governed by § 10-10(8), require a due-process hearing.
The City does not argue, and nothing in the record suggests, that the City sought a disability separation pursuant to § 10-10(4). The City pursued a dismissal of Officer Glass. Pursuant to its disciplinary policy, the City served Officer Glass with a “Disciplinary Action Report, Final Warning” and a “Notice of Determination Hearing and Possible Disciplinary Action.” It provided Officer Glass with a due-process hearing at which he was entitled to respond to the charge against him.
The City’s description of Officer Glass’s “intolerable offense under Section 3-43(19)” in the “Disciplinary Action Report, Final Warning” reads as follows:
“You have violated Personnel Rules and Regulations Section 3.43(19). You are unable to perform the essential functions of your position of the [sic] Police Officer based upon the most recent Functional Capacity Evaluation. You have not applied for any vacant positions for which you are qualified. Your temporary light duty assignment will end August 15, 2002.”
Because a disability separation is differentiated from a dismissal in the City’s personnel rules and regulations and because the City chose to pursue a dismissal under its disciplinary policy, we conclude that the City was required in the due-process hearing to prove not Officer Glass’s disability but the “intolerable offense” charged: that Officer Glass had not applied for vacant positions within the City for which he was qualified. See, generally, Mobile County Dep’t of Human Res. v. Mims, 666 So.2d 22, 27 (Ala.Civ.App.1995) (stating that the agency is limited to “a consideration of only those charges that it has included in the instrument that it has called upon a respondent to answer” and that it must allege facts sufficient to establish the charges).
Officer Glass testified at the personnel board hearing that he did not apply for any of the vacant positions from the list provided to him by Davis during his meeting with her in June 2002; however, Officer Glass also testified that he was not qualified for any of the positions listed. He said that a few of the positions required college degrees, which he did not have, and that the other positions required work outside of the sedentary to light category to which he was restricted by virtue of his most recent FCE. Although Davis testified at the personnel board hearing that she provided the list of vacant positions to Officer Glass to let him decide what vacancies he might be interested in, she did admit when questioned that none of the vacant positions had qualifications that fell within Officer Glass’s physical restrictions. Thus, not only was there not *132 substantial evidence that Officer Glass failed to apply for vacant positions for which he was qualified, it was uncontro-verted that Officer Glass did not qualify for any of the vacant positions the City had to offer.
The City charged Officer Glass with the “intolerable offense” of failing to apply for vacant positions within the City for which he was qualified. The City was unable to prove the alleged intolerable offense warranting Officer Glass’s dismissal. See, generally, Mims, 666 So.2d at 27. Clearly, because the fact that Officer Glass was not qualified for any of the vacant positions within the City was uncontroverted at the personnel board hearing, Officer Glass’s dismissal cannot be upheld.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.
MURDOCK, J., concurs in the result, without writing.
PITTMAN, J., dissents, with writing.